**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **VENUS LOCATIONS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **SAFE FLEET ACQUISITION CORP.,** | § | |
| **d/b/a FLEETMIND,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Venus Locations, LLC ("Venus" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Safe Fleet Acquisition Corp., d/b/a FleetMind (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Venus, from U.S. Patent No. 6,442,485 (the "'485 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.     Plaintiff Venus is a Texas entity with its principal place of business at 6860 North Dallas Parkway, Suite 200, Plano, TX 75024.

3.     Upon information and belief, Defendant is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 6800 E. 163rd St. Belton, MO 64012-5462. Upon information and belief, Defendant may be served with process at

The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as evidenced by its right to transact business in Texas and active Texas SOS file number, as well as because of the injury to Venus, and the cause of action Venus has risen, as alleged herein.

6.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Upon information and belief, Defendant, directly and/or through its distribution network, places accused devices, as defined below, within the stream of commerce, with the knowledge and/or understanding that such accused devices will be sold in this District. Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

7.      Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through

intermediaries, resellers or agents, or offers and advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that infringe the '485 patent.

8.      Specifically, Defendant solicits business from and markets its services to consumers within Texas, including the geographic region within the Eastern District of Texas, by using, making, selling and offering for sale articles of manufacture that cause a computer to indicate a logically true condition existing between a global positioning system's navigational signal and a selectively translated navigational position derived from selected global positioning data to said Texas consumers.

9.      In addition to Defendant continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's use, manufacture, sale and offers for sale of articles of manufacture that fall within the scope of at least one claim of the '485 patent.

10.     Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

11.     On August 27, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '485 patent, entitled "Method and apparatus for an automatic vehicle location, collision notification, and synthetic voice" after a full and fair examination. (Exhibit A).

12.      Venus is presently the owner of the patent, having received all right, title and interest in and to the '485 patent from the previous assignee of record. Venus possesses all rights of recovery under the '485 patent, including the exclusive right to recover for past infringement.

13.    The '485 patent contains four (4) independent claims and twenty three (23) dependent claims. Defendant commercializes, *inter alia*, devices that include each and every element of at least one claim of the '485 patent.

14.    The invention claimed in the '485 patent comprises a system for automatic positional location including detection of a nearest location.

### DEFENDANT'S PRODUCTS

15.    Defendant's products, such as the "Route Management" solution with on board computing display (the "Accused Product"), is an article of manufacture. For example, at least during development and testing, the Accused Product comprises an article of manufacture with computer-readable program code embodied therein suitable for Android and iOS platforms.

16.    The Accused Product causes a response to a global positioning system's navigational signal. For example, the Accused Product uses a global positioning system ("GPS") device to determine the position of the device.[1]

17.    The Accused Product causes a computer to selectively translate said global positioning navigational signal. For example, the Accused Product shows the vehicle's location on a map.[2]

18.    The Accused Product causes a computer to selectively translate navigational position derived from selected global positioning data. For example, the Accused Product shows a customer location on a map.[3]

19.    The Accused Product causes a computer to compare said global positioning system's navigational signal and said selectively translated navigational position derived from

---

[1] http://www.fleetmind.com/wp-content/uploads/2016/02/whitepaper-route-management.pdf
[2] *Id*.
[3] *Id*.

selected global positioning data. For example, the Accused Product compares a vehicle's current location and its proximity to a customer location.[4]

20.     The Accused Product causes a computer to indicate a logically true condition between said global positioning system's navigational signal and said selectively translated navigational position derived from selected global positioning data. For example, if a particular vehicle is close to the customer that vehicle is dispatched.[5]

21.     The elements described in paragraphs 15-20 are covered by at least claim 27 of the '485 patent. Thus, Defendant's use, manufacture, sale and offers for sale of the Accused Product is enabled by the device described in the '485 patent.

## INFRINGEMENT OF THE '485 PATENT

22.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 21.

23.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '485 patent.

24.     Defendant has had knowledge of infringement of the '485 patent at least as of the service of the present complaint.

25.     Defendant has directly infringed and continues to directly infringe at least claims 27 of the '485 patent by using, making, selling and/or offering to sell the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '485 patent, Plaintiff has been and continues to be damaged.

---

[4] *Id.*
[5] *Id.*

26.     By engaging in the conduct described herein, Defendant has injured Venus and is thus liable for infringement of the '485 patent, pursuant to 35 U.S.C. § 271.

27.     Defendant has committed these acts of infringement without license or authorization.

28.     As a result of Defendant's infringement of the '485 patent, Venus has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

29.      Venus will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Venus is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

30.     Venus demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Venus prays for the following relief:

a.   That Defendant be adjudged to have infringed the '485 patent directly, either literally or under the doctrine of equivalents;

b.   That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '485 patent;

c.     An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Venus for the Defendant's past infringement and any continuing or future infringement up until the date

that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d.     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

e.     That Defendant be directed to pay enhanced damages, including Venus's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

f.     That Venus have such other and further relief as this Court may deem just and proper.

Dated: December 5, 2016                Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF**
**VENUS LOCATIONS, LLC**